UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| FRED P. PRINCE, JR. and NANCY PRINCE, <br><br> Plaintiffs <br><br> v. <br><br> DAYMARK GROUP, INC. and JOHNNIE MCRAE, <br><br> Defendants | Civil No. 04-279-P-C |

Gene Carter, Senior District Judge

### ORDER DIRECTING THE ENTRY OF DEFAULT JUDGMENT AWARDING PLAINTIFFS COMPENSATORY AND PUNITIVE DAMAGES

Plaintiffs Fred P. Prince and Nancy Prince filed their five count Complaint arising out of a tractor trailer accident on the Maine Turnpike on December 6, 2000, which seriously injured Plaintiff Fred P. Prince. At the time of the accident, Plaintiff Fred P. Prince was driving a commercial tractor trailer and was hit by Defendant Johnnie McRae, who was driving a commercial tractor trailer owned by Defendant Daymark. The Complaint specifically alleges negligence (Count I) and respondeat superior (Count II) against Defendant Johnnie McRae, negligence (Count III) against Defendant Daymark and punitive damages (Count IV) and loss of consortium (Count V) against Defendants McRae and Daymark.

Default has been entered against both Defendant McRae and Defendant Daymark for their failure to answer or otherwise respond to the Complaint in this action. *See* Docket Item Nos. 8, 11. All of the factual allegations from Plaintiffs' Complaint are, therefore, admitted by virtue of the entry of default against both Defendant McRae and Defendant Daymark for failure to respond to the Complaint. *See Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc. (In re The Home Rest., Inc.)*, 285 F.3d 111, 114 (1st Cir. 2002) ("a party gives up right to contest liability when it declines to participate in the judicial process"); *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("[a] party who defaults is taken to have conceded the truth of the factual allegations in the complaint"); *Goldman, Antonetti, Ferraiouli, Axtmayer & Hertell v. Medfit Int'l., Inc.*, 982 F.2d 686, 693 (1st Cir. 1993) ("an entry of a default against a defendant establishes the defendant's liability"); *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985) ("there is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [ ] claims must be considered established as a matter of law"); *Eisler v. Stritzler*, 535 F.2d 148, 153 (1st Cir. 1976) ("[t]he default judgment on the well-pleaded allegations in plaintiff's complaint established ... defendant's liability"). The allegations deemed admitted by virtue of default are sufficient to impose liability on both Defendant McRae and Defendant Daymark on the compensatory damage claims of negligence and loss of consortium.

The Court must now consider Plaintiff Fred Prince's request for punitive damages. To recover punitive damages, Plaintiffs must demonstrate by clear and convincing evidence that Defendants acted with malice. In Maine the

> requirement of malice will be most obviously satisfied by a showing of "express" or "actual" malice. Such malice exists where

> the defendant's tortuous conduct is motivated by ill will toward the plaintiff.  Punitive damages will also be available, however, where deliberate conduct by the defendant, although motivated by something other than ill will in any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied.  We emphasize that, for the purposes of assessing punitive damages, such "implied" or "legal" malice will *not* be established by the defendant's mere reckless disregard of the circumstances.

*Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985) (citations omitted) (emphasis in original).  The Court is satisfied that Plaintiffs have not asserted facts from which a trier of fact could find that actual malice existed by either Defendant.  Therefore, the Court must determine whether Defendants' actions were so outrageous that malice may be implied.  Plaintiffs argue, and the Court agrees, that the allegations of the Complaint would allow a trier of fact to impose punitive damages on Defendant McRae.  Specifically, the Complaint alleges that at the time of the collision Defendant McRae was operating his commercial vehicle: (1) in excess of the speed limit; (2) in excess of a prudent speed; (3) in excess of the number of hours he was permitted to drive and, therefore, was operating his vehicle in violation of applicable state and federal laws; (4) with a fraudulent log book in an attempt to conceal his illegal operation; (5) while fatigued and asleep at the wheel at the time he caused the collision.  *See* Plaintiffs' Complaint ¶¶ 10, 13, 26.  Plaintiffs argue, and the Court agrees, that the allegations of the Complaint would also allow a trier of fact to impose punitive damages on Defendant Daymark.  Specifically, the Complaint alleges that on the day of the collision and prior thereto, Defendant Daymark: (1) implemented a business plan to maximize profits by, *inter alia*, directing and/or financially motivating drivers to deliver trucked cargo on a schedule that Daymark knew would require its drivers to operate in excess of legal speed

limits for an excessive number of hours per day; (2) actually required Defendant McRae to drive while he was fatigued; (3) knew that Defendant McRae would be operating the Daymark vehicle on the day of the collision in violation of applicable laws and in such a fatigued condition that Defendant McRae would be a danger to other persons traveling on the highway; (4) directed and controlled the activities of Defendant McRae.  Thus Daymark's actions were a proximate cause of the collision.  *See* Plaintiffs' Complaint ¶¶ 18-23, 26.  Those factual allegations from Plaintiffs' Complaint have been admitted by virtue of the entry of default judgment against both Defendant McRae and Defendant Daymark and stand undisputed in the record.  *See, e.g., Franco*, 184 F.3d at 9 n.3.  The Court is satisfied that based on these admitted facts, a trier of fact could find implied malice.  Therefore the imposition of punitive damages against Defendants is warranted.

       The Court held an evidentiary hearing on damages on April 26, 2005, and based upon the testimony and exhibits admitted in evidence at the hearing, the Court concludes that damages to Plaintiff Fred P. Prince are as follows: (1) past medical expenses – $70,379; (2) future medical treatment – $9,672; (3) future medications – $30,405; (4) lost wages – $116,400; (5) lost future earning capacity – $62,400; pain and suffering $150,000; (6) punitive damages – $100,000.  In addition, based upon the testimony at the damages hearing the Court determines that Plaintiff Nancy Prince should be awarded $50,000 for her loss of consortium.

       Accordingly it is **ORDERED** that Final Judgment be entered for Plaintiff Fred P. Prince and against Defendants Johnnie McRae and Daymark jointly and severally in the amount of Five Hundred Thirty-Nine Thousand Two Hundred Fifty-Six Dollars ($539,256) with interest and costs as permitted by law.  It is **FURTHER ORDERED**

4

that Final Judgment be entered for Plaintiff Nancy Prince and against Defendants Johnnie McRae and Daymark jointly and severally in the amount of Fifty Thousand Dollars ($50,000) with interest and costs as permitted by law.

/s/ Gene Carter
Gene Carter
Senior United States District Judge

Dated this 12th day of May, 2004.

5